PERKINS, APPELLANT, *v.* WORLD INS. CO., APPELLEE.

(No. 533—Decided May 1, 1952.)

*Mr. Robert E. Fuller* and *Mr. Richard E. Morgan,* for appellant.

*Mr. Marcus C. Downing,* for appellee.

*Per Curiam.* This is an appeal upon questions of law from a judgment of the Common Pleas Court of Hancock County in an action wherein the appellant, Robert L. Perkins, was plaintiff and the appellee, World Insurance Company, was defendant.

The action is one brought by the plaintiff on an accident and health type policy of insurance with death benefits, issued by the defendant to Vivian G. Perkins, in which the plaintiff, husband of the insured, is named as beneficiary of death benefits.

The Common Pleas Court rendered judgment in favor of the defendant. This is the judgment from which this appeal is taken.

Plaintiff-appellant assigns error in that the judgment of the Court of Common Pleas is contrary to the weight of the evidence and is contrary to the law applicable to the facts.

The instant cause was submitted to the trial court and is submitted to this court upon the pleadings, an agreed statement of facts and the exhibits, including the policy of insurance and premium receipts.

Paragraph 3 of the standard provisions of the policy of insurance upon which this action is based provides as follows:

"3. If default be made in the payment of the agreed premium for this policy, the subsequent acceptance of a premium by the company or by any of its duly authorized agents shall reinstate the policy, but only to cover accidental injury thereafter sustained, and such sickness as may begin more than ten days after the date of such acceptance."

As disclosed by the statement of facts in the case of

*Schwer, Admx.,* v. *Benefit Assn. of Railway Employees, Inc.,* 153 Ohio St., 312, 91 N. E. (2d), 523, this paragraph is substantially the same as clause 3 of the standard provisions of the insurance policy under consideration in said cause.

In that case, the Supreme Court, interpreting, construing and applying said clause, held in paragraph three of the syllabus:

"Where a policy of insurance provides that upon a default in the payment of a monthly premium the subsequent acceptance of a premium by the insurer or its authorized agent will reinstate the policy, such acceptance of premium for such purpose constitutes a new contract, and to effectuate such reinstatement of the insurance contract it must be shown that the receipt of the payment was knowingly accepted by the insurer or its agent for the purpose of reinstatment of the policy and not as a payment of overdue premiums on the original contract of insurance."

In this ruling the Supreme Court apparently considered the policy provision relating to reinstatement as contemplating a new contract prescribing a different period of coverage and/or a different date for the payment of premium than prescribed in the contract of insurance in effect at the time the default in payment of premium occurred, which contract would have continued in effect if the payments made by the insured were considered as payments on overdue premiums.

The official premium receipt, stamped "Reinstatement," dated December 1, 1948, shows receipt by the insurance company of a quarterly premium amounting to $15 "paying until 12 o'clock noon, central standard time March 1, 1949." This receipt changed the original policy of insurance from an annual basis to a quarterly basis with corresponding change in the date upon which premiums were to be paid thereafter.

The official receipt issued under date of March 14, 1949, for premium payment of $15 shows conclusively that the next premium due date was three months from March 1, 1949, being June 1, 1949.

The official premium receipts issued under dates of June 9, 1949, September 14, 1949, and December 7, 1949, are upon different forms than the receipts issued prior to June 9, 1949. The form on which these receipts are printed is in two colors, the left two-thirds thereof being a yellow figured design and the right one-third thereof being white.

The number of the policy and the words, "Premium Receipt," appear on the left yellow figured part followed on the same part by a notation: "This receipt is issued subject to the conditions on reverse side hereof," which immediately precedes the following blocked data in the receipt issued under date of June 9, 1949, to wit:

| NEXT PREMIUM DUE 3 Mos from Date | | | Amount Paid | DATE DUE | | |
|---|---|---|---|---|---|---|
| | | | | Mo | Day | Yr |
| 3 3 | 0 3 3 | 1 1 9 | 15 00 | 06 | 01 | 49 |

The left colored portions of the receipts under dates of September 14, 1949, and December 7, 1949, respectively, differ from the yellow portion of the receipt issued under date of June 9, 1949, in that in the right block of the September receipt appear the figures, "9 01 49," and in that in the right block of the December receipt appear the figures, "12 01 49," instead of the figures, "06 01 49," appearing in the June receipt.

On the right white side of each of these receipts appears a printed acknowledgment of receipt of payment of premium which in addition recites:

"This receipt to be valid must be dated and counter-

signed by a person authorized to receive premiums.''

This acknowledgment and recital bears the printed signature of ''D. L. Eilers, Treasurer.''

Below this signature appear two blank lines, the first for the rubber stamping of the date and the second for the rubber stamping of the signature of the cashier or agent countersigning the same.

The rubber-stamped date in the June acknowledgment of receipt of payment is ''Jun 9 1949,'' in the September acknowledgment of receipt of payment is ''Sep 14 1949,'' and in the December acknowledgment of receipt of payment is ''Dec 7 1949.'' All these receipts bear the rubber-stamped signature of ''C. S. Borin.''

Upon the reverse side of each of said receipts one of the conditions referred to on the face of each of said receipts as being conditions upon which said receipt is issued is in the words following, to wit:

''Payment of the premium, if made on or before the due date, as shown on the face hereof, keeps your policy in continuous force, for the period for which the premium has been paid, and if made after that date, reinstates the policy on the date of this receipt, subject to the terms and conditions of said policy.''

Considering these receipts in connection with the other exhibits in the case and the agreed statement of facts it would appear that reasonable men could not reach any reasonable conclusion other than that the phrase, ''Next Premium Due 3 Mos. from date,'' refers to the date appearing in the block to the right on the yellow part of the receipt and not to the date rubber-stamped in the blank following the acknowledgment of receipt of payment, and that such receipts contemplated the advance payment of quarterly premiums upon March 1, June 1, September 1, and December 1 of each year that the policy should remain in effect.

Consequently the quarterly premium for the quarter year commencing in March 1950 became due on March 1, 1950, and upon nonpayment thereof on said date the policy lapsed and was not in force at the time of the death of the insured on March 8, 1950, and applying the above quoted ruling of the Supreme Court the plaintiff had no right of action on said policy.

However, assuming that the official receipts mentioned constituted some evidence of change in dates of the times such policy of insurance should remain in effect, as opposed to the evidence referred to in the preceding paragraphs, a finding and judgment for plaintiff based on such evidence would have been manifestly against the weight of the evidence.

Furthermore, if the date December 7, 1949, appearing upon the last acknowledgment of payment of premium, is considered as the commencement date of the last quarterly period of coverage, the insurance expired on March 7, 1950, before the death of insured.

For the reasons mentioned, we find that plaintiff's assignment of error is without merit and that the judgment of the Common Pleas Court should be and is hereby affirmed at the costs of the plaintiff, and the cause remanded for execution.

*Judgment affirmed.*

MIDDLETON, P. J., AHL and GUERNSEY, JJ., concur.